NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Heather L. Mayer (SBN 210544)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail:  jsusman@nolanheimann.com
            hmayer@nolanheimann.com

Attorneys for Plaintiff
Leg Avenue, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEG AVENUE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GuangZhouShi TuoXiang XinXiKeJi You Xian GongSi, a Chinese entity,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2.  UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leg Avenue, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

## PARTIES

1.     Plaintiff Leg Avenue, Inc. ("Leg Avenue"), is a California corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California.

2.     Defendant GuangZhouShi TuoXiang XinXiKeJi You Xian GongSi ("Defendant") is a Chinese entity whose corporate status is currently unknown. Defendant sells apparel to consumers located in California through channels such as amazon.com.

## JURISDICTION AND VENUE

3.     Subject matter jurisdiction is vested in this Court under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of parties under the Copyright Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claim, as that claim is so closely related to the federal claim brought in this action as to form part of the same case or controversy, specifically, Defendant's creation, marketing, offering for sale, and sale of products that give rise to Leg Avenue's federal copyright infringement claim.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.     Venue is further proper in this judicial district because Defendant, with respect to this dispute with Plaintiff, consented to the jurisdiction of any judicial district in which Amazon may be found and Amazon has office in Santa Monica, California.

1

## **STATEMENT OF FACTS**

### **Leg Avenue's Ownership of the Snake Tights Design**

6. Leg Avenue is a leading manufacturer and seller of women's lingerie and exotic costumes.

7. Leg Avenue is the creator, author, and owner of numerous original stocking designs, including the "Snakes on Tights" design that consists of checkered snakes with their tongues out, circling around the tights.

8. Leg Avenue has sold stockings with the Snakes on Tights design since 2019.

9. The Snakes on Tights design was registered for federal copyright on June 14, 2023, number VA0002357310.

10. Below and attached hereto as **Exhibit 1** is a true and correct copy of a photo of a model wearing stockings with the Snakes on Tights design.



### **Defendant's Infringement Activities**

11. Defendant is also a manufacturer and seller of women's apparel.

12. But instead of creating original designs, Defendant routinely copies designs from its competitors and creates knock-off goods.

13. One such item that Defendant copied was stockings with the Snakes on Tights design (the "Infringing Stockings") that is identical to Leg Avenue's design in all respects: the same checkered snakes with their tongues out, circling around the tights.

14. In fact, this is not the first time Defendant has engaged in this infringing conduct with respect to the Snakes on Tights design. In 2023, Defendant sold the same Infringing Stockings on amazon.com. After Leg Avenue sued Defendant, Defendant's infringing conduct ceased for approximately 18 months.

15. It is readily apparent that Defendant has resumed selling the Infringing Stockings.

16. Below and attached hereto as **Exhibit 2** is a true and correct copy of Defendant's Infringing Stockings.



3

17.    Defendant violated federal law by willfully infringing Leg Avenue's copyright in the Snakes on Tights design by copying them on Defendant's Infringing Stockings.

18.    Defendant has sold and continues to sell or otherwise make its Infringing Stockings available to the public.

19.    Defendant did not license the Snakes on Tights design for use on its Infringing Stockings.

20.    Defendant does not have Leg Avenue's permission or consent to copy or use the Snakes on Tights design for its Infringing Stockings.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

21.    Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

22.    Leg Avenue is the sole and exclusive owner of all rights, title, and interest in the copyright of the Snakes on Tights design which is the subject of valid and existing United States Copyright, bearing copyright registration number VA0002357310.

23.    Defendant has directly and willfully infringed Leg Avenue's copyright by reproducing, displaying, distributing, and utilizing the Snakes on Tights design for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

24.    All of Defendant's acts are and were performed without permission, license, or consent of Leg Avenue.

25.    The foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Leg Avenue's rights.

26.    Leg Avenue has and will continue to be damaged as a direct and proximate result of Defendant's willful infringing acts set forth above, and Defendant has profited and will continue to profit as a result of its unlawful infringement of Leg Avenue's copyright in an amount to be proven at trial.

27.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Leg Avenue irreparable injury that cannot be fully compensated by or measured in money damages.  Leg Avenue has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

28.     Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

29.     As set forth above, Defendant has engaged in unlawful business acts or practices, including copyright infringement —all in an effort to gain unfair competitive advantage by trading on Leg Avenue's efforts and reputation.

30.     Defendant's acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code §§ 17200 *et seq.*

31.     In light of Defendant's conduct, it would be inequitable to allow Defendant to retain the benefit of any funds obtained through the unauthorized and unlawful use of Leg Avenue's intellectual property.

32.     As a result of Defendant's unfair competition, Leg Avenue has suffered damages through lost sales of the stockings with its Snakes on Tights design, lost profits, as well as the continuing damage to Leg Avenue's business, goodwill, and reputation. Leg Avenue has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendant is enjoined from such unfair competition, will continue to suffer irreparable injury.  Leg Avenue is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Leg Avenue prays for an award against Defendant as follows:

1.     For actual damages and Defendant's profits in an amount according to proof at trial;

2.      For preliminary and permanent injunctions restraining and enjoining Defendant, and all persons acting in concert with it, from copying the Snakes on Tights design or further distributing, displaying, or selling infringing products based thereon;

3.      For treble damages;

4.      For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

5.      For attorneys' fees and costs; and

6.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Leg Avenue hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:        March 6, 2025                    NOLAN HEIMANN, LLP

By: _____
                                                             Heather L. Mayer
                                               Attorneys for Leg Avenue, Inc.